UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL SCOTT, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:15-0655 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| QWEST CORPORATION, ) | |
| ) | |
| Defendant ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Plaintiff Michael Scott has filed his motion to amend his complaint (Docket Entry No. 16) to which Defendant Qwest Corporation has filed a response in opposition (Docket Entry No. 17).

This case has been referred to the undersigned Magistrate Judge for customized case management under Local Rule 16.01 (Docket Entry No. 4).

For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's motion to amend the complaint (Docket Entry No. 16) be denied.

### STATEMENT OF THE CASE

Plaintiff Michael Scott filed this action alleging employment discrimination, harassment and retaliation in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 (Docket Entry No. 1-2). The case was thereafter removed from the

Circuit Court for Davidson County, Tennessee, based upon diversity of citizenship of the parties (Docket Entry No. 1 at 2). Plaintiff now moves to amend his complaint to add claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and a claim of gender discrimination (Docket Entry No. 16-1). Defendant opposes this motion on the grounds that it is untimely (Docket Entry No. 17).

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely grant leave to amend pleadings when justice so requires. However, the court previously has entered a Rule 16(b) scheduling order establishing October 15, 2015, as the deadline for filing motions to amend pleadings (Docket Entry No. 10 at 3). Since Plaintiff's motion is filed after this deadline, Defendant argues that the motion should be denied as untimely.

Once a Rule 16(b) scheduling order is entered, the schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4). This "good cause" requirement is "a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Distribution USA, Inc.*, 275 Fed. Appx. 535, 536 (6th Cir. Apr. 30, 2008) (*quoting Leary* v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003)). The *Leary* court clarified the law of the circuit with

2

regard to the intersection of Rule 15(a) and Rule 16(b), holding that "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(b)." *349 F.3d at 909*. The court further held "that a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id*.

As grounds for his motion, Plaintiff states that he "seeks leave of this Court to Amend his Complaint due to his receipt of a Right to Sue Letter from the EEOC." (Docket Entry No. 15 at 1). Plaintiff's motion fails to state when the right-to-sue letter was received. Defendant, however, has attached to its response a copy of the right-to-sue letter indicating that it was mailed to Plaintiff's counsel at his office address on August 27, 2015 (Docket Entry No. 17-1 at 2). The Sixth Circuit presumes that a right-to-sue letter is received within five days of its mailing unless plaintiff rebuts that presumption with proof to the contrary. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Therefore, the right-to-sue letter in this case, mailed on August 27, 2015, is deemed to have been received by Plaintiff's counsel on or before September 1, 2015, just over six weeks before the deadline for filing a motion

3

to amend provided in the scheduling order. Plaintiff's motion is wholly silent regarding any explanation for Plaintiff's failure to timely move to amend or to extend the scheduling order deadline before it expired on October 15, 2015. From this record, the undersigned Magistrate Judge finds that Plaintiff has failed to show that, despite his diligence, he could not meet the original deadline for filing his motion to amend his complaint. Therefore, his motion for leave to amend, filed well after the deadline, should be denied as untimely.

Defendant further argues that it would be materially prejudiced if Plaintiff now were allowed belatedly to amend his complaint to add new claims. In particular, Defendant asserts that Plaintiff's complaint states a claim for employment discrimination, harassment and retaliation based upon his race. The proposed amended complaint seeks to add an additional claim of employment discrimination, harassment and retaliation based upon Plaintiff's gender as well. Defendant states that it has already served written discovery based upon Plaintiff's race claims and that Defendant would be required to prepare and serve additional written discovery regarding Plaintiff's new gender claims if the requested amendment were allowed. The undersigned Magistrate Judge finds that Defendant has demonstrated prejudice that would result if Plaintiff were

allowed to amend to add these new claims after expiration of the deadline established in the scheduling for doing so.

For the reasons stated above, the undersigned Magistrate Judge finds that Plaintiff's motion to amend complaint should be denied as untimely.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's motion to amend complaint should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of December, 2015.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge