IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL SCOTT            )
                         )
v.                       ) NO. 3-15-0655
                         ) JUDGE CAMPBELL
QWEST CORPORATION        )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 18), Objections filed by the Plaintiff (Docket No. 19), and a Response filed by the Defendant (Docket No. 21).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. The Report and Recommendation is adopted and approved in part and reversed in part.

Plaintiff's Complaint (Docket No. 1-2) alleges employment discrimination, harassment, retaliation and termination based on his race, in violation of the Tennessee Human Rights Act ("THRA").

Plaintiff seeks to amend his Complaint to add causes of action for race and gender discrimination under Title VII and for gender discrimination under the THRA. Plaintiff filed his Motion to Amend 22 days after this case's Scheduling Order's deadline to file motions to amend the pleadings. There is no evidence that Plaintiff, at any time, filed a Motion to Modify the Scheduling Order.

Plaintiff stated in his Motion to Amend that he sought leave to amend because of his receipt of a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), but

Plaintiff received that EEOC letter on September 1, 2015, more than two months before he filed his Motion to Amend. In his Objections to the Report and Recommendation, Plaintiff alleges that his late filing was because of a calendar error.

Once a scheduling order's deadline passes, a plaintiff first must show good cause under Fed. R. Civ. P. 16(b) for failure earlier to seek leave to amend before a court will consider whether the amendment is proper under Fed. R. Civ. P. 15(a). Then, if good cause is shown, the court must consider the potential prejudice to the defendant before deciding whether to grant the motion to amend. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). This good cause requirement is a threshold that requires late-moving litigants to show that despite their diligence they could not meet the original deadline. *Youngblood v. Prudential Ins. Co.*, 706 F.Supp.2d 831, 834 (M.D. Tenn. 2010) (citing *Leary* at 907).

The Court finds that Plaintiff's excuse of a calendar error by his assistant is good cause enough for the Court to move to the second determination - whether there will be potential prejudice to the Defendant.

With regard to the Title VII race claim, the Court finds there will be no prejudice to the Defendant. The proof and law on race claims under Title VII is the same as on THRA claims. With regard to Plaintiff's proposed gender claims, however, the Court finds that such claims are entirely different claims and allowing them would prejudice the Defendant.

Therefore, the Report and Recommendation is adopted and approved with regard to Plaintiff's proposed gender claims and reversed as to Plaintiff's Title VII race claim. Plaintiff's Motion to Amend (Docket No. 16) is GRANTED in part and DENIED in part accordingly.

IT IS SO ORDERED.

                                                              TODD J. CAMPBELL
                                                              UNITED STATES DISTRICT JUDGE